NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12910

IN THE MATTER OF CURTIS MITCHELL.


April 22, 2020.


Supreme Judicial Court, Superintendence of inferior courts.


Curtis Mitchell (defendant) appeals from a judgment of the county court denying, without a hearing, his petition for relief under G. L. c. 211, § 3.  We affirm.

In 2008, the defendant was convicted after a jury trial of various criminal offenses.  The Appeals Court reversed the convictions and remanded the matter for a new trial, and we denied further appellate review.  Commonwealth v. Mitchell, 79 Mass. App. Ct. 1124, S.C., 460 Mass. 1110 (2011).  The Commonwealth subsequently filed a nolle prosequi as to all the charges.[1]  In his G. L. c. 211, § 3, petition, the defendant alleged that no crime had been committed, that he was falsely accused by the alleged victim, and that he was wrongfully

_____

[1] Due to a clerical error, a charge as to which the defendant had been acquitted was also listed on the docket as nol prossed.  The error was corrected by a subsequent order of the Superior Court.  In addition, the defendant filed a petition for expungement of several charges, including not only the ones that were the subject of the 2008 jury trial, but also other charges in the District Court, the Boston Municipal Court, and the Superior Court.  A judge in the Superior Court granted the petition for expungement in part, but denied it as to the charges that were the subject of the 2008 trial.  To the extent we are able to discern, the defendant did not challenge the expungement decision in his G. L. c. 211, § 3, petition.  In any event, we see no reason why he could not have appealed from that decision in the ordinary course.

prosecuted, essentially due to racist attitudes. It is difficult to identify any request for relief in his petition, but it appears that the defendant wishes to take a polygraph examination in the belief that he would thereby vindicate himself.[2]

The defendant has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Rule 2:21 does not apply here, as the defendant is not challenging any interlocutory ruling of the trial court. Nonetheless, because it is clear on the record before us that the single justice neither erred nor abused his discretion by denying relief, we take this opportunity to affirm the judgment. See Murphy v. Commonwealth, 484 Mass. 1006, 1007 (2020). The defendant has offered no legal authority supporting a polygraph examination in the circumstances of this case, nor has he demonstrated any entitlement to the exercise of our superintendence powers.[3]

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.
Curtis Mitchell, pro se.

---

[2] The defendant also complained that a book he wrote and self-published about his experiences was "removed from the internet." This claim is beyond the scope of our superintendence power over the lower courts.

[3] It appears that the defendant neither named as a party nor served his papers on the Commonwealth. This presents a further reason not to disturb the single justice's decision. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996) ("Any petition seeking to invoke the general superintendency power of the court pursuant to G. L. c. 211, § 3, shall name as respondents and make service upon all parties to the proceeding in the lower court, including in criminal cases the Commonwealth . . .").